UNITED STATES *v.* CONKEY & Co. *et al.* (No. 816).[1]

BOTTLES AND JARS CONTAINING AD VALOREM MERCHANDISE.

Paragraph 97 and subsection 18 of section 28, tariff act of 1909, are *in pari materia* and are to be construed together. The parenthetical clause of paragraph 97 operates to except the bottles there described, leaving these for assessment at the same rate with their contents under the provisions and in the mode pointed out by subsection 18. So, to construe the named provisions gives what appears to have been the intended effect of the language employed and avoids, too, a double assessment.— United States *v.* Hensel (106 Fed. Rep., 70) distinguished.

United States Court of Customs Appeals, May 17, 1912.

APPEAL from Board of United States General Appraisers, G. A. 7294 (T. D. 31986). [Affirmed.]

*William L. Wemple,* Assistant Attorney General (*Frank L. Lawrence,* special attorney, on the brief), for the United States.

*B. A. Levett* for appellees.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MONTGOMERY, Presiding Judge, delivered the opinion of the court:

This is an appeal from the decision of the Board of General Appraisers reversing the assessment of duty by the collector of customs at the port of Boston. The articles passed upon by the board consisted of glass bottles and jars containing merchandise subject to ad valorem rates of duty. The duty on the contents of these bottles and jars was less than 40 per cent. The collector, however, assessed the bottles under the proviso of paragraph 97, hereinafter quoted:

That none of the above articles shall pay a less rate of duty than forty per centum ad valorem.

The board held that provision for these bottles is made by subsection 18 of section 28 of the act of 1909, quoted below.

The two applicable provisions of law are:

97. Plain green or colored, molded or pressed, and flint, lime, or lead glass bottles, vials, jars, and covered or uncovered demijohns, and carboys, any of the foregoing, filled or unfilled, not otherwise specially provided for in this section, and whether their contents be dutiable or free (except such as contain merchandise subject to an ad valorem rate of duty, or to a rate of duty based in whole or in part upon the value

---

thereof, which shall be dutiable at the rate applicable to their contents), shall pay duty as follows: If holding more than one pint, one cent per pound; if holding not more than one pint and not less than one-fourth of a pint, one and one-half cents per pound; if holding less than one-fourth of a pint, fifty cents per gross: *Provided*, That none of the above articles shall pay a less rate of duty than forty per centum ad valorem: * * *.

SEC. 18. That whenever imported merchandise is subject to an ad valorem rate of duty, or to a duty based upon or regulated in any manner by the value thereof, the duty shall be assessed upon the actual market value or wholesale price thereof, at the time of exportation to the United States, in the principal markets of the country from whence exported; that such actual market value shall be held to be the price at which such merchandise is freely offered for sale to all purchasers in said markets, in the usual wholesale quantities; and the price which the manufacturer or owner would have received, and was willing to receive, for such merchandise when sold in the ordinary course of trade in the usual wholesale quantities, including the value of all cartons, cases, crates, boxes, sacks, casks, barrels, hogsheads, bottles, jars, demi-johns, carboys, and other containers or coverings, whether holding liquids or solids. * * *.

These two provisions of law are *in pari materia* and are to be construed together. If paragraph 97 stood alone, with no other provision for assessment of bottles filled with ad valorem goods, it would not be difficult to reach the conclusion that the parenthetical clause in paragraph 97 should be given effect as fixing the duty, and it might reasonably be held that the clause fixing the minimum rate at 40 per cent applied as well to goods covered by the parenthetical clause as by other precedent provisions of the paragraph.

But the provisions of subsection 18 are positive in requiring that bottles containing ad valorem goods should be valued with their contents, and it necessarily follows are to be assessed at the same rate.

Construing these two provisions together, we think the result is that the parenthetical clause of paragraph 97 should be construed as leaving that class of bottles out of the paragraph and leaving them assessable at the same rate as their contents bear, under the provisions and in the mode pointed out by subsection 18. This construction gives effect to both provisions, and does no violence to the parenthetical clause in paragraph 97. This clause is by this construction treated as an exception, and the recital that such bottles shall be dutiable at the rate applicable to their contents is declaratory of what is provided for in subsection 18, and in no way in conflict with it.

It is urged that as this clause of paragraph 97 was construed in United States *v.* Hensel (106 Fed. Rep., 70), as affirmatively imposing a duty, and as subject to the first proviso of paragraph 97, it should be held that Congress used these terms in the same sense in the 1909 act. This argument is entitled to weight, and would be controlling in the absence of anything in the later act to show a contrary intent. See Reiche *v.* Smythe (80 U. S., 162). But we think this is a case in which such controlling intent is clearly shown. Subsection 18, without exception or reservation, provides that bottles, containers

of ad valorem goods, shall be valued with the contents, and by the clearest implication subject to duty at the same rate. As this provision was introduced into the act of 1909 for the first time, it must be held that it is. to be given the force of qualifying the parenthetical clause of paragraph 97, or that it results either that there is a double assessment or an exception to the provisions of subsection 18 introduced by implication. It would seem that neither of these courses should be pursued if force can be given to both provisions. It is urged by the Government that the construction contended for by the importers would render the parenthetical clause of paragraph 97 inoperative. We do not, however, assent to this view. That clause has its office to perform—that is, to except from the provisions of the paragraph. bottles containing ad valorem goods, and by so doing shows clearly that double assessment was not intended.

The Board of General Appraisers sustained the contention of the importers and held these. bottles and jars to be assessable under subsection 18 at the rate fixed upon their contents. We think the correct conclusion was reached, and the decision is *affirmed.*